UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| Yahya (John) Lindh,<br>    *Plaintiff*, | )<br>)<br>) | |
| *vs.* | ) | 2:14-cv-00142-JMS-WGH |
| | ) | |
| Director, Federal Bureau of Prisons<br>and Warden, Federal Correctional Institution, Terre Haute, Indiana,<br>    *Defendants.* | )<br>)<br>)<br>) | |

## **ORDER**

On May 19, 2014, Plaintiff Yahya (John) Lindh filed a Class Action Complaint for Declaratory and Injunctive Relief against Defendants the Director of the Federal Bureau of Prisons (the "Director") and the Warden of the Federal Correctional Institution in Terre Haute, Indiana (the "Warden"). [Filing No. 1.] In the Complaint, Mr. Lindh alleges two distinct claims on behalf of two distinct classes: (1) that all prisoners held in the Communications Management Unit ("CMU") at the Federal Correctional Institution in Terre Haute, Indiana ("FCI") are subject to certain searches before visitations, in violation of the Fourth Amendment of the United States Constitution, [Filing No. 1 at 1; Filing No. 1 at 5-7]; and (2) that all male Muslim prisoners within the Federal Bureau of Prisons ("BOP") are prohibited from hemming or wearing their pants above their ankles, which violates a tenet of Islam and, in turn, violates the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-1, [Filing No. 1 at 2; Filing No. 1 at 7-8].

Federal Rule of Civil Procedure 18 provides that "[a] party asserting a claim…may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18. Rule 20 further provides that "[p]ersons…may be joined in one action as defendants if…any right to relief is asserted against them jointly, severally, or in the alternative with

respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and…any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

Here, Mr. Lindh's Fourth Amendment claim relating to searches on behalf of all CMU prisoners at the FCI is wholly unrelated to his RFRA claim relating to the length of pants on behalf of all male Muslim prisoners in the BOP. The claims do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," and would not share common questions of law or fact. Fed. R. Civ. P. 20(a)(2). Additionally, the two claims appear to be asserted against different Defendants – the search claim against the Warden, and the pants-length claim against the Director. As such, the two claims are inappropriately joined in one action. *See, e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits…"); *Stanko v. Lappin*, 2010 WL 3033724, \*2 (S.D. Ind. 2010) ("Rule 18 allows joinder of multiple parties only when the allegations against them involve the same conduct or transaction and common questions of fact and law as to all defendants"); *Garcia v. Munoz*, 2008 WL 2064476, \*3 (D. N.J. 2008) ("a civil plaintiff may not name more than one defendant in his original or amended complaint unless one claim against each additional defendant is transactionally related to the claim against the first defendant and involves a common question of law or fact").

Accordingly, because Mr. Lindh has improperly joined his claims, the Court **STRIKES** the Complaint, [Filing No. 1]. Mr. Lindh may only pursue one of the stated claims under this cause number, and shall file an Amended Complaint which sets forth one of his claims by **May 27, 2014.** Should he choose to pursue his other claim, it must be by a separate Complaint in a separate action.

**Distribution via ECF only to all counsel of record**