UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| YAHYA (JOHN) LINDH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 2:14-cv-00142-JMS-WGH |
| ) | |
| WARDEN, FEDERAL CORRECTIONAL ) | |
| INSTITUTION, TERRE HAUTE, INDIANA, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Presently pending before the Court is Plaintiff Yahya (John) Lindh's Motion to File Second Amended Complaint and Motion to Decertify Class and Give Notice to the Former Class Members. [Filing No. 36.] For the following reasons, the Court grants Mr. Lindh's motion, [Filing No. 36], over Defendant's objection, [Filing No. 39].

**I.**
**APPLICABLE STANDARD**

The Federal Rules of Civil Procedure provide that leave to amend pleadings should be "freely give[n] when justice so requires." Fed. R. Civ. Pro. 15(a)(2). The United States Supreme Court has "pointedly told us that 'this mandate is to be heeded.'" *Gonzalez-Koeneke v. W.*, 791 F.3d 801, 807 (7th Cir. 2015) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A district court has broad discretion to deny leave to amend, however, "where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

The test for futility is whether the proposed amended complaint fails to state a claim upon which relief could be granted. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw.*

*Indiana*, 786 F.3d 510, 524 (7th Cir. 2015). The objecting party has the burden to prove that amendment would be futile. *City of Waukesha v. Viacom, Inc.*, 221 F. Supp. 2d 975, 980 (E.D. Wis. 2002).

## II.
### RELEVANT BACKGROUND

Mr. Lindh is a prisoner in the Communications Management Unit ("CMU") at the Federal Correctional Institution in Terre Haute ("FCI-Terre Haute"). [Filing No. 7; Filing No. 17 at 1.] He filed this putative class action in May 2014, challenging the Defendant's policy requiring all CMU prisoners to be strip searched before a non-contact social visit. [Filing No. 7; Filing No. 36.] Mr. Lindh initially asserted that the challenged policy violated his Fourth Amendment rights, as well as the rights of the putative class members, [Filing No. 7], and the Court certified his proposed class consisting of CMU inmates at FCI-Terre Haute, [Filing No. 27].

Mr. Lindh concedes that a recent case from the Seventh Circuit Court of Appeals forecloses his Fourth Amendment challenge to the CMU strip search policy. [Filing No. 36 at 2-3] (referencing *King v. McCarty*, 781 F.3d 889 (7th Cir. 2015)).] Mr. Lindh seeks leave to amend his complaint to instead challenge the policy pursuant to the Religious Freedom Restoration Act ("RFRA"), and he asks that the certified class be decertified if he is granted leave to amend. [Filing No. 36.]

## III.
### DISCUSSION

Mr. Lindh contends that a change in prevailing law is a circumstance that justifies granting leave to amend a complaint. [Filing No. 36 at 2.] Although Mr. Lindh concedes that his Fourth Amendment challenge to the CMU strip-search policy is no longer viable, he seeks to amend his complaint to assert a RFRA claim because he "is a devout Muslim and Islam instructs that Muslims

2

should not expose their private parts to persons." [Filing No. 36 at 2.] Specifically, Mr. Lindh contends that the strip search policy imposes a substantial burden on his religious exercise and neither furthers a compelling governmental interest nor is the least restrictive alternative to further such an interest. [Filing No. 36 at 2.]

Defendant objects to Mr. Lindh's motion. [Filing No. 39.] Defendant does not disagree with the general premise that a change in prevailing law can provide good cause for amendment, but he points out that none of the cases Mr. Lindh cites involved an incarcerated plaintiff subject to the Prison Litigation Reform Act ("PLRA"). [Filing No. 39 at 2.] Defendant contends it is futile to allow Mr. Lindh to amend his complaint because he allegedly has not exhausted his RFRA claim for purposes of the PLRA. [Filing No. 39 at 2.] Defendant claims that it would be prejudiced by Mr. Lindh's proposed amendment because Mr. Lindh "made no reference to a burden on his religious practices in his prior administrative remedies" and a "decision to allow the second amended complaint without first requiring administrative review denies the [Defendant] an essential opportunity to consider less restrictive alternatives to the policy that Plaintiff challenges in this amended complaint, and improperly places this Court in the position of the [Defendant] to apply the RFRA analysis in the first instance." [Filing No. 39 at 4-5.]

In reply, Mr. Lindh argues that he has fully exhausted his grievance remedies as required by the PLRA. [Filing No. 40.] Mr. Lindh cites the grievances he attached to his initial complaint, emphasizing that he referenced his religion and his belief that the challenged policy was used to persecute and harass Muslim prisoners in the CMU. [Filing No. 40 at 3.] Mr. Lindh cites binding precedent holding that in the absence of more specific requirements in the grievance procedure, the administrative exhaustion requirement is modest and must only provide notice about the challenged conditions. [Filing No. 40 at 5.] Mr. Lindh points out that he did not refer to the Fourth

3

Amendment as the basis for his claim in his grievance but that Defendant did not assert a failure to exhaust defense in response to Mr. Lindh's initial Complaint. [Filing No. 40 at 5.]

The PLRA exhaustion requirement states, in relevant part, that no action may be brought by a prisoner "until such administrative remedies as available are exhausted." 42 U.S.C. § 1997e(a). To properly exhaust administrative remedies, a prisoner "must complete the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (citation omitted). Those rules are "defined not by the PLRA, but by the prison grievance process itself." *Id.* Therefore, compliance with prison grievance procedures is all that is required by the PLRA to properly exhaust, and the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim." *Id.* at 923. In sum, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* "When the administrative rulebook is silent . . . [a]ll the grievance need do is object intelligibly to some asserted shortcoming." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). "[T]he grievant need not lay out the facts, articulate legal theories, or demand particular relief." *Id.*

Mr. Lindh referenced his religious beliefs in the administrative grievances at issue. For example, he accused the strip-search policy of being part of the alleged "pattern of persecution and harassment of Muslim prisoners in the CMU" and opined that the searches were "only conducted to harass and humiliate the predominately Muslim population of the CMU." [Filing No. 39-1 at 11-13.] As Mr. Lindh points out, he did not cite the Fourth Amendment in his prison grievances, [Filing No. 40 at 3], but Defendant did not assert a failure to exhaust defense in response to Mr. Lindh's initial complaint, [Filing No. 17].

4

Defendant does not argue that Mr. Lindh failed to fully exhaust the general steps of the administrative process before filing this action. [Filing No. 39.] Instead, Defendant contends that it would be futile for Mr. Lindh to pursue a RFRA claim in this action because "he failed to raise such a claim for consideration by the Bureau of Prisons during that administrative process" and "never sought an accommodation from the application of the search policy in the CMU based on his religious beliefs." [Filing No. 39 at 4.] Defendant does not cite any language from the applicable prison grievance procedure, much less language requiring a prisoner to specify the legal claim he intends to pursue. Again, it is the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion. *Jones*, 549 U.S. at 923. Because Defendant has not pointed to a more specific directive, Mr. Lindh did not need to articulate legal theories to successful exhaust under these circumstances. *Strong*, 297 F.3d at 650.

Defendant does not challenge Mr. Lindh's general premise that a change in prevailing law can justify granting leave to amend a complaint. *See, e.g.*, *Doe v. Exxon Mobil Corp.*, 69 F. Supp. 3d 75, 96 (D.D.C. 2014) ("[i]t is common practice to allow plaintiffs to amend their pleadings to accommodate changes in the law, unless it is clear that amendment would be futile") (citation omitted). Defendant tries to distinguish those cases as not involving prisoners subject to the PLRA, but Defendant has not shown that Mr. Lindh's proposed amended complaint would be futile on that basis. Accordingly, the Court grants Mr. Lindh's request to amend his complaint to assert a RFRA claim against the strip-search policy at issue.

## IV.
### CONCLUSION

For the reasons detailed herein, the Court **GRANTS** Mr. Lindh's Motion to File Second Amended Complaint and Motion to Decertify Class and Give Notice to the Former Class

5

Members. [Filing No. 36.] The Clerk is directed to docket Mr. Lindh's Second Amended Complaint, [Filing No. 36-1], as the operative pleading in this litigation.

Mr. Lindh requests that if his Motion to Amend is granted, that the previously certified class be decertified. [Filing No. 36 at 4.] Defendant does not respond to this request. [Filing No. 39.] The Court **GRANTS** Mr. Lindh's request and **DECERTIFIES** the class in this action. [Filing No. 36.] The parties are **ORDERED** to meet and confer within **fourteen days** to find a mutually acceptable way to notify the members of the decertified class. If they cannot agree on a way to provide notice, the parties should ask the assigned Magistrate Judge to schedule a telephonic conference on the issue.

Date: August 20, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via CM/ECF:**

Gavin Minor Rose
ACLU OF INDIANA
grose@aclu-in.org

Kenneth J. Falk
ACLU OF INDIANA
kfalk@aclu-in.org

Jonathan A. Bont
UNITED STATES ATTORNEY'S OFFICE
jonathan.bont@usdoj.gov

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov